UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEUTSCHE BANK NATIONAL TRUST
COMPANY, TRUSTEE, ON BEHALF OF THE
CERTIFICATEHOLDERS OF MORGAN
STANLEY ABS CAPITAL I INC. TRUST
2004-NC3, MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2004-NC3,

    *Plaintiff*,

v.

SARAH WILSON,

    *Defendant,*

and

CITY OF BOSTON WATER AND SEWER
COMMISSION,

    *Party-in-Interest.*

CIVIL ACTION NO.   1:24-cv-11836

## VERIFIED COMPLAINT

Plaintiff, Deutsche Bank National Trust Company, Trustee, on Behalf of the Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004-NC3, Mortgage Pass Through Certificates, Series 2004-NC3 ("DBNTC as Trustee"), brings this action against the Defendant and Party-in-Interest seeking judgment declaring and confirming that DBNTC as Trustee is the lawful owner and holder of a certain promissory note secured by real property located at 24 Taunton Avenue, Mattapan, Massachusetts (the "Property"), entitled to enforce its terms. In further support of this action, DBNTC as Trustee alleges as follows:

### PARTIES

1.     DBNTC as Trustee is a national banking association organized under the laws of the United States to carry on the business of a limited purpose trust company.

2.     DBNTC as Trustee's main office is in Los Angeles, California.

3. Defendant, Sarah Wilson ("Wilson") is an individual residing at 24 Taunton Avenue, Mattapan (Boston), Massachusetts.

4. Party-in-Interest, City of Boston Water and Sewer Commission (the "City") is a municipal entity with a principal place of business located at 980 Harrison Avenue, Boston, MA 02119.

## VENUE AND JURISDICTION

5. This Court has original jurisdiction over this action involving DBNTC as Trustee's right, title and interest in the Property as there is complete diversity of citizenship between DBNTC as Trustee (a citizen of the State of California) and Wilson (a citizen of the Commonwealth of Massachusetts) pursuant to 28 U.S.C. § 1332(a), and the amount in controversy exceeds the sum or value of $75,000.00 based on the outstanding principal balance due on the loan and the fair market value of the Property.

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) because Wilson resides in Mattapan, Massachusetts and the Property is located in Mattapan, Massachusetts.

## FACTUAL BACKGROUND

**A.   The Note and Mortgage.**

7. On or about December 19, 2003, Wilson executed an Adjustable Rate Note in favor of New Century Mortgage Corporation in the principal amount of $217,600.00 ("Note"). A true and accurate copy of the Note is attached hereto as **Exhibit A**.

8. To secure her obligations under the Note, Wilson executed a Mortgage (the "Mortgage") (together with the Note, the "Loan") dated December 19, 2003, secured by the Property, in favor of New Century Mortgage Corporation in the principal amount of $217,600.00

and recorded with the Registry on December 24, 2003, in Book 33520, Page 134. A certified copy of the Mortgage is attached hereto as **Exhibit B**.

9. On December 30, 2003, New Century Mortgage Corporation assigned the Mortgage to DBNTC as Trustee via an Assignment of Mortgage dated December 30, 2003 and recorded with the Registry on April 21, 2005, in Book 36894, Page 283. A certified copy of the Assignment of Mortgage is attached hereto as **Exhibit C**.

**B.     Possession of the Note.**

10. Deutsche Bank National Trust Company was custodian of the Note for the benefit of the Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004-NC3, Mortgage Pass Through Certificates, Series 2004-NC3. *See* Affidavit of Bank of America, N.A. ("BANA Aff., ¶ __") ¶ 9, filed herewith.

11. Bank of America, N.A. ("BANA"), together with its predecessors in interest, Countrywide Home Loans Servicing LP ("Countrywide") and BAC Home Loans Servicing, LP ("BAC"), serviced the Loan continuously from origination on December 19, 2003, through August 31, 2012. BANA Aff., ¶ 10.

12. On or about October 10, 2008, Countrywide received the collateral file, which contained the original Note. BANA Aff., ¶ 11.

13. In 2009, Countrywide changed its name to BAC Home Loans Servicing, LP, as evidenced by an Assistant Secretary's Certificate of Bank of America, National Association, dated March 29, 2012, which is signed by Devra Lindgren, Assistant Secretary for BANA (the "CHLS/BAC Certificate"). BANA Aff., ¶ 12.

14. Effective July 1, 2011, BAC merged with and into BANA, as evidenced in the CHLS/BAC Certificate and a Certificate of Merger filed with the Office of the Secretary of State of Texas on June 28, 2011. BANA Aff., ¶ 13.

15. On or before August 31, 2012, BANA or a predecessor interest, while acting in its capacity as Loan servicer and agent for DBNTC as Trustee, lost the original Note and, despite good faith efforts, BANA was and remains unable to locate the original Note. BANA Aff., ¶ 14.

16. BANA, or its predecessor in interest, while acting in its capacity as Loan servicer and agent for DBNTC as Trustee, was in possession of the Note when it was lost, and the Note was not lost as a result of transfer or lawful seizure. BANA Aff., ¶ 15.

17. The Loan has been in default since August 1, 2019.

18. The unpaid principal balance of the Loan is $247,471.68, exclusive of deferred principal, accrued interest, fees, late charges or advances.

19. The Property value as of May 6, 2022 was approximately $535,000.00.

20. Wilson is not in the military service within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, et seq.

### C. Wilson's Adversary Proceeding in United States Bankruptcy Court for the District of Massachusetts.

21. On or about August 22, 2005, Wilson filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the District of Massachusetts, Chapter 13 Case No. 05-17557.

22. On or about September 9, 2008, Wilson filed an Adversary Proceeding in United States Bankruptcy Court for the District of Massachusetts, styled *Sarah Wilson v. Countrywide Home Loans, et al.*, Chapter 13 Case No. 08-01243 (the "Adversary Proceeding").

23. Through the Adversary Proceeding, Wilson challenged DBNTC as Trustee's right to enforce the Note and Mortgage. A true and accurate copy of the Complaint in the Adversary Proceeding is attached hereto as **Exhibit D**.

24. On or about November 29, 2010, the United States Bankruptcy Court for the District of Massachusetts entered judgment in the Adversary Proceeding declaring that DBNTC as Trustee "is the holder of the promissory note that is at issue in this adversary proceeding and owner of the mortgage securing that note and that this adversary proceeding is otherwise dismissed on its merits." A true and accurate copy of the Bankruptcy Court's judgment in the Adversary Proceeding is attached hereto as **Exhibit E**; a true and accurate copy of the Bankruptcy Court's accompanying memorandum of decision in the Adversary Proceeding is attached hereto as **Exhibit F**.

**D.   Additional Encumbrance on the Property.**

25. On or about November 15, 2022, the City recorded an Instrument of Taking with Registry, in Book 68418, Page 145, securing a $483.77 lien. A certified copy of this Instrument of Taking is attached hereto as **Exhibit G**.

**COUNT I – FOR DECLARATORY JUDGMENT ESTABLISHING DBNTC AS TRUSTEE AS THE LAWFUL OWNER AND HOLDER OF THE NOTE (AGAINST WILSON)**

26. DBNTC as Trustee hereby incorporates paragraphs 1 through 25 above as if fully set forth herein.

27. The terms of the Note can be established by a copy of the Note attached hereto as **Exhibit A**, signed by Wilson.

28. BANA, or its predecessor in interest, had physical possession of the Note while servicing the Loan for, and on behalf of, DBNTC as Trustee.

29. On or before August 31, 2012, BANA or its predecessor in interest, while acting in its capacity as Loan servicer and agent for DBNTC as Trustee, lost the original Note and, despite good faith efforts, was and remains unable to locate the original Note. Accordingly, BANA executed the Affidavit, filed herewith.

30. The loss of possession of the Note was not the result of transfer to another person or entity.

31. DBNTC as Trustee cannot reasonably obtain possession of the Note because the Note was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

32. Under Massachusetts law, the individuals who can enforce the terms of a promissory note are limited to the person of entity holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder.

33. DBNTC as Trustee, by and through its Loan servicer, and as established by the BANA affidavit attached hereto, was in possession of the original Note at the time it was lost.

34. DBNTC as Trustee seeks a judgment declaring it entitled to enforce a copy of the Note attached hereto as **Exhibit A**.

35. Based on the foregoing, DBNTC as Trustee is entitled to a judgment declaring that it is entitled to enforce the terms of the Note pursuant to M.G.L. c. 106, §§ 3-301(iii) and 3-309.

**WHEREFORE**, Deutsche Bank National Trust Company, Trustee, on Behalf of the Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004-NC3, Mortgage Pass Through Certificates, Series 2004-NC3, respectfully requests that this Court enter judgment:

    a. Declaring DBNTC as Trustee the lawful owner and holder of the Note;

b. Declaring that despite DBNTC as Trustee's diligent search, the original Note has been lost or mislaid and that the terms of the lost Note are established as set forth in the copy of the Note proffered by DBNTC as Trustee and attached to this Complaint as **Exhibit A**;

c. Declaring that DBNTC as Trustee is entitled to enforce the Note despite its lack of possession of the original Note, which has been lost or mislaid; and

d. Declaring that Wilson is not entitled to the benefits of the Servicemembers Civil Relief Act;

e. Grant such further relief as the Court deems just and appropriate.

Respectfully submitted,

DEUTSCHE BANK NATIONAL TRUST
COMPANY, TRUSTEE, ON BEHALF OF
THE CERTIFICATEHOLDERS OF
MORGAN STANLEY ABS CAPITAL I INC.
TRUST 2004-NC3, MORTGAGE PAS
THROUGH CERTIFICATES, SERIES NC3
By: Its Attorneys

/s/ Donald W. Seeley Jr.
Hale Yazicioglu Lake, BBO #679480
Donald W. Seeley, Jr., BBO #663568
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000 (phone) / 617-213-7001 (fax)
hlake@hinshawlaw.com
dseeley@hinshawlaw.com

Dated:   July 18, 2024

## VERIFICATION

I, **DIANE WEINBERGER** _____, being duly sworn, deposes and says as follows. I am a Document Control Officer with Select Portfolio Servicing, Inc., loan servicer and attorney in fact for Deutsche Bank National Trust Company, Trustee, on Behalf of the Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004-NC3, Mortgage Pass Through Certificates, Series 2004-NC3. I hereby attest that the factual responses to the foregoing Verified Complaint are true and correct based on my review of the business records maintained by Select Portfolio Servicing, Inc. in the regular course of its business.

By: _____
**DIANE WEINBERGER**
Title: Document Control Officer

Date: July **16**, 2024

**STATE OF UTAH**           )
                            ) ss:
**COUNTY OF SALT LAKE**     )

On the **16** day of July in the year 2024, before me, the undersigned, personally appeared **DIANE WEINBERGER** *, a Document Control Officer with Select Portfolio Servicing, Inc., loan servicer and attorney in fact for Deutsche Bank National Trust Company, Trustee, on Behalf of the Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004-NC3, Mortgage Pass Through Certificates, Series 2004-NC3, who personally appeared and proved on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and acknowledged that he/she executed the same voluntarily for its stated purpose. Witness my hand and official seal.

*Personally Known

_____
Notary Public


BRYCE BRAEGGER
Notary Public State of Utah
My Commission Expires on:
July 25, 2027
Comm. Number: 732053

1055389\321628662.v1